[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11224
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-00108-ACC-PRL


EVERETTE WEAVER,

Plaintiff-Appellant,

versus

DAVID R. ELLSPERMAN,
Clerk of the Circuit Court,

Defendant-Appellee,

ROBERT L. BRENAN, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 17, 2014)

Before TJOFLAT, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

This appeal is from the District Court's order of February 18, 2014, (1) dismissing Everette Weaver's Second Amended Complaint against David R. Ellsperman[1] for failure to state a claim for relief and (2) denying Weaver's motion, which the District Court treated as a petition for writ of mandamus, that the District Court direct the U.S. Attorney for the Middle District of Florida to initiate a criminal investigation.  Doc. 33.  We find no merit in the appeal for the reasons stated by the District Court in its February 18, 2014 order, and therefore affirm the court's judgment.

AFFIRMED.

---

[1] Ellsperman is Clerk of the Circuit Court of Marion County, Florida.  There is no dispute that at all relevant times, he was acting within the scope of his discretionary authority. Insofar as the Second Amended Complaint alleges that Ellsperman violated Weaver's federal constitutional rights, to recover against Ellsperman on those allegations Weaver had to show that the rights purportedly violated were clearly established at the time Ellsperman engaged in the conduct complained of.  *Randall v.* Scott, 610 F.3d 701, 715 (11th Cir. 2010).  Absent such showing, Ellsperman was entitled to qualified immunity.  As the District Court properly held, Weaver failed to make the required showing.